IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge William J. Martínez

Civil Action No. 10-cv-01014-BNB

WAYNE A. SMALL,

    Applicant,

v.

KEVIN MILYARD, and
JOHN SUTHERS, The Attorney General of the State of Colorado,

    Respondents.

---

ORDER TO DISMISS IN PART AND FOR ANSWER

---

I.  Background

Applicant Wayne A. Small is in the custody of the Colorado Department of Corrections at the Sterling, Colorado, Correctional Facility.  Mr. Small, acting *pro se*, has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.  In an order entered on May 27, 2010, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those affirmative defenses in this action.  On June 29, 2010, Respondents filed their Pre-Answer Response.  Mr. Small filed a Reply on July 15, 2010.

Mr. Small was convicted by a jury of second degree burglary, criminal attempt burglary, and possession of burglary tools in Denver County District Court Case Nos. 04CR2041 and 04CR2046 and was sentenced as an habitual criminal to twenty-four

years of incarceration. Mr. Small filed a direct appeal that was denied by the state's highest court on June 16, 2008. A petition for certiorari review was denied on March 8, 2010, in Mr. Small's Colo. R. Civ. P. 35(c) postconviction motion.

Mr. Small asserts three claims in the Application, including: (1) the state district court erred in denying his Colo. R. Crim. P. 35(c) postconviction motion; (2) trial counsel was ineffective; and (3) appellate counsel was ineffective. Respondents concede in the Pre-Answer Response that Mr. Small's Application is timely and Claim Two is exhausted, but they argue that Claim One fails to state a federal constitutional claim and Claim Three is procedurally defaulted in state court.

II. Analysis

The Court must construe liberally the Application and all other pleadings because Mr. Small is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will order the Application dismissed in part and drawn to a district judge and magistrate judge in part.

A.  Exhaustion/Procedural Default

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the

federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

"The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

In Claim Three, Mr. Small contends that, although the Colorado Court of Appeals (CCA) dismissed this claim, he filed a C.A.R. 21 petition with the Colorado Supreme Court regarding the CCA's dismissal of the claim and, therefore, has exhausted his state court remedies.

Respondents argue that Claim Three is both unexhausted and barred by the anticipatory procedural default doctrine, given that the claim would be successive if Mr. Small raised it in a subsequent postconviction motion. Nonetheless, Magistrate Judge Boland determined in an order entered on August 4, 2010, that possibly Mr. Small had a

request to amend a postconviction motion pending in the state trial court, which appeared to include an ineffective assistance of appellate claim. Magistrate Judge Boland instructed Respondents to file a Supplemental Response and further address the exhaustion and possible procedural default of Claim Three. On September 7, 2010, Respondents filed a Supplemental Response. Mr. Small filed a Supplemental Reply on October 15, 2010.

In the Supplemental Response, Respondents assert that the motion to amend the postconviction motion was denied as moot by the trial court on November 10, 2008, because the trial court had denied the postconviction motion on October 7, 2008. Respondents also speculate that the trial court determined the amended postconviction motion was successive. (Supp. Resp. at 2.) Respondents further assert that, although the CCA held it lacked jurisdiction to consider Mr. Small's claim, albeit erroneously, the CCA's decision was based on state law and Claim Three is foreclosed from federal habeas review. (Supp. Resp. at 3-4.)

In his Supplemental Reply, Mr. Small asserts he was unaware that the trial court did not issue an order regarding the amended postconviction motion when he appealed the action. Mr. Small further asserts that when the CCA denied the appeal he filed a C.A.R. Rule 21 petition in the Colorado Supreme Court, which also was denied, exhausting his state court remedies.

Mr. Small did not file a motion to amend his original postconviction motion until after the trial court had denied the original motion. (Resp. at Ex. I.) In the opening brief on appeal, Mr. Small conceded that he filed an amended postconviction motion in trial court asserting ineffective assistance of appellate counsel because the trial court denied his original postconviction motion for not raising the claims on direct appeal. (*Id.*) Mr.

4

Small argued in the brief that the amended motion should have been considered by the trial court because his appellate counsel was responsible for not raising the claims on appeal. (*Id.*) He also contended that he was not aware of the inadequacy of appellate counsel until the trial court denied his postconviction proceeding for failing to raise the claims on appeal. (*Id.*)

Even though the CCA's disposition of Mr. Small's motion to amend his postconviction motion may be incorrect, Claim Three is procedurally barred from federal habeas review for the following reasons. If a "claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor, . . . [r]aising the claim in such a fashion does not, for the relevant purpose, constitute fair presentation." *Castille*, 489 U.S. at 351; *see also Parkhurst v. Shillinger*, 128 F.3d 1366, 1369 (10th Cir. 1997) (state procedure that is discretionary and limited in scope does not constitute fair presentation). The Colorado Supreme Court, in its discretion, may decline to address the merits of claims asserted in an original petition for an extraordinary writ. *See Rogers v. Best*, 171 P.2d 769, 770 (Colo. 1946). A Rule 21 petition does not satisfy the requirement that Mr. Small must exhaust his state court remedies.

Claims also are precluded from federal habeas review when the claims have been defaulted in state court on an independent and adequate state procedural ground. *Steele v. Young*, 11 F.3d 1518, 1521 (10th Cir. 1993) (citations omitted). "A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision . . . . For the state ground to be adequate, it must be strictly or regularly followed and applied evenhandedly to all similar claims." *See Hickman v. Spears*, 160 F.3d 1269, 1271 (10th Cir. 1998) (internal quotations and citations

omitted).  Also, if it is obvious that an unexhausted claim would be procedurally barred in state court the claim is held procedurally barred from federal habeas review.  *Steele*, 11 F.3d at 1524 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Harris v. Reed*, 489 U.S. 255, 269-70 (1989)).

The Colorado Rules of Criminal Procedure prohibit successive postconviction Rule 35 motions with limited exceptions.  *See* Colo. R. Crim. P. 35(c)(3)(VI) and (VII).  The exceptions are not applicable to Claim Three.  *Id.*  Mr. Small argues that the ineffective assistance of appellate counsel claim raised in the amended postconviction motion is based on the trial court's decision to deny his original postconviction motion for failure to raise the claims on direct appeal.  Mr. Small reasons he could not have discovered these claims through the exercise of due diligence until after the trial court entered its opinion that the claims he raised in the original postconviction were barred.

Mr. Small's reasoning is defective.  Mr. Small should or could have known that appellate counsel did not raise the claims he presented in his original postconviction motion at the time his direct appeal was presented, reviewed, and disposed of by the CCA, which at the latest was March 13, 2008, when the CCA affirmed the judgments in his two convictions.  For Mr. Small not to raise the ineffective assistance of appellate counsel claim until October 31, 2008, and to raise the claim only after the trial court entered a decision denying his claims for failure to raise them on appeal, there is neither a basis for an event that took place after the initiation of his prior appeal or his postconviction proceeding, or evidence that could not have been discovered through the exercise of due diligence.  *See* Rule 35(c)(3)(VI) and (VII).

Also, even if this Court were to find that the CCA's lack of jurisdiction finding was incorrect and the trial court's denial of the amended postconviction motion as moot was

inadequate, it is obvious that Mr. Small's ineffective assistance of appellate claim would be procedurally barred in state court as successive. Thus, Claim Three is subject to an anticipatory procedural bar. *See Anderson v. Sirmons*, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007).

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991). Mr. Small's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Construing his Application and all other pleadings liberally, Mr. Small does not argue any basis for finding prejudice and a miscarriage of justice. To demonstrate cause for his procedural default, Mr. Small must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [applicant]." *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted). Ineffective assistance of counsel may establish cause excusing a procedural default. *Jackson v. Shanks*, 143 F.3d 1313, 1319 (10th Cir. 1998). Mr. Small, however, must show "some objective factor external

to the defense impeded counsel's efforts to comply with the State's procedural rule" and have "presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Murray*, 477 U.S. at 488-89.

A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. A "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). In order to demonstrate a fundamental miscarriage of justice, Mr. Small first must "support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence- -that was not presented at trial." *Id.* Mr. Small then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence" *Id.* at 327.

Mr. Small fails to present any new reliable evidence that demonstrates he is actually innocent or show that a factor external to the defense impeded his ability to comply with the state's procedural rule. As a result, Claim Three is barred in a federal habeas action.

### B.  Merits

In Claim One, Mr. Small asserts that every person convicted of a crime is entitled as a matter of right to file a postconviction motion. Mr. Small further asserts that he is not "disqualified" from raising any claims in his postconviction motion because if that were the case Rule 35(c)(VII) would have read "the court shall deny any claim that **should have** been presented" rather than "the court shall deny any claim that **could have** been presented." (Application at 7-8.) Mr. Small further states that counsel told

him if he believed a claim should have been raised at trial or on appeal, notwithstanding that it was not raised below, he could raise the claim in a postconviction motion pursuant to Rule 35(c).

Respondents argue that Claim One was not presented to the state courts as a federal constitutional claim because the claim asserts state court error under Colo. R. Crim. P. 35(c)(c)(VII). In his Reply, Mr. Small appears to argue that the trial court's refusal to review his claims in his Rule 35(c) postconviction motion denies his right to a full review and violates his constitutional rights.

Errors in the context of state court postconviction proceedings do not raise cognizable federal constitutional issues because there is no federal constitutional right to postconviction review in the state courts. *See Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987). Therefore, a claim of constitutional error that "focuses only on the State's post-conviction remedy and not the judgment which provides the basis for [the applicant's] incarceration . . . states no cognizable federal habeas claim." *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998); *see also Steele*, 11 F.3d at 1524 (noting that petitioner's challenge to state "post-conviction procedures on their face and as applied to him would fail to state a federal constitutional claim cognizable in a federal habeas proceeding"). Claim One will be denied for failure to state a federal constitutional claim.

III. Conclusion

Respondents concede that Claim Two is exhausted. Respondents also concede that the four claims Mr. Small raises in the "Addendum to Applicant's 28 U.S.C. 2254 Petition for Writ of Habeas Corpus" filed on January 18, 2011, are timely and properly

exhausted. Claim Two and the four claims asserted in the Addendum will be considered on the merits. Accordingly, it is

ORDERED that Claim One is dismissed for failure to state a federal constitutional claim and Claim Three is dismissed as procedurally barred. It is

FURTHER ORDERED that within thirty days Respondents are directed to file an answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully addresses the merits of the five remaining claims identified in this Order. It is

FURTHER ORDERED that within thirty days of the filing of the answer Mr. Small may file a reply if he desires. It is

FURTHER ORDERED that within thirty days from the date of this Order the Respondents shall file with the Clerk of the Court, in electronic format if available, a copy of the complete record of Mr. Small's state court proceedings in Case Nos. 04CR2041 and 04CR2046, including all documents in the state court file and transcripts of all proceedings conducted in the state court, but excluding any physical evidence (as opposed to documentary evidence) not relevant to the asserted claims. It is

FURTHER ORDERED that the Clerk of the Court is directed to send copies of this Order to the following:

(1) Clerk of the Court
    Denver County District Court
    1437 Bannock Street Room #108
    Denver, Colorado 80202;

(2) Assistant Solicitor General
    Appellate Division
    Office of the Attorney General
    1525 Sherman Street
    Denver, Colorado 80203; and

(3) Court Services Manager
State Court Administrator's Office
101 W. Colfax, Ste. 500
Denver, Colorado  80202

Dated this 4th day of March, 2011

BY THE COURT:

s/ *William J. Martínez*
United States District Judge