**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 10-cv-01014-WJM

WAYNE A. SMALL,

     Applicant,

v.

KEVIN MILYARD, and
JOHN W. SUTHERS, The Attorney General of the State of Colorado,

     Respondents.

_____

ORDER DENYING MOTION FOR RECONSIDERATION
_____

     This matter before the Court is the "Motion for Rehearing and Reconsideration of Applicant's 2254 Habeas Corpus Petition" that Applicant Wayne A. Small, a *pro se* prisoner litigant, filed on February 28, 2011.  Mr. Small seeks reconsideration of the order entered on July 13, 2011, dismissing the instant action.  The Court must construe the Motion liberally because Mr. Small is proceeding *pro se*.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons stated below, the Court will construe the Motion as filed pursuant to Fed. R. Civ. P. 59(e) and will deny the Motion.

     The Court denied the 28 U.S.C. § 2254 Application and dismissed the action in part on the merits and in part as procedurally barred.  The reasons for the dismissal are explained in detail in the July 13 Order of Dismissal.   A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment,

may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered.  *See* Fed. R. Civ. P. 59(e).  Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990).  The Motion was filed on August 9, 2011, within twenty-eight days of the final judgment in this action.  *See* Fed. R. Civ. P. 6(a).  The Court, therefore, will construe the Motion as filed pursuant to Rule 59(e).  *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (limit effective prior to December 1, 2009) set forth under Rule 59(e)).

The three major grounds that justify reconsideration are:  (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  A motion for reconsideration is appropriate where a court has misapprehended the facts, a party's position, or the controlling law. *Id.* (citing *Van Skiver*, 952 F.2d at 1243).  Upon consideration of the Motion for Reconsideration and the entire file, the Court concludes that Mr. Small fails to demonstrate any reason why the Court should alter or amend the July 13 Order of Dismissal in this action.  Nothing Mr. Small asserts gives cause for reinstating this case.

Although not clear, Mr. Small appears to argue that because he has exhausted his ineffective assistance of counsel claim in state court he is entitled to an evidentiary hearing and appointment of counsel in this Court.  He further appears to argue a right to counsel and a hearing because he was denied counsel in his Colo. R. Crim. P. 35(c) postconviction motion proceedings and because he has only a laymen's knowledge of the law.  Mr. Small further contends that an evidentiary hearing is required so that he may present facts through the use of discovery to support his ineffective assistance of counsel claim, which he identifies as claim two.  Mot. for Rec. at 4.

Mr. Small presented one claim of ineffective assistance of appellate counsel and one claim of ineffective assistance of trial counsel in this action.  The ineffective assistance of trial counsel contained eight subparts.  Neither the trial nor the appellate claim was identified as claim two.  Even if the Court were to find that the evidentiary hearing limitations under § 2254(e)(2)[1] were inapplicable here, Mr. Small only is entitled

---

[1]   § 2254(e)(2) reads as follows:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that–
> (A)  the claim relies on–
> (i)  a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

to an evidentiary hearing if "his allegations, if true, and if not contravened by the existing record, would entitle him to habeas relief." *See Miller v. Champion*, 161 F.3d 1249, 1253 (10th Cir. 1998). An evidentiary hearing is required to resolve conflicting evidence. *Anderson v. Attorney Gen. of State of Kansas*, 425 F.3d 853, 860 (10th Cir. 2005). The factual allegations to be considered at an evidentiary hearing must be "specific and particularized, not general and conclusory." *See Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir. 1995), *overruled on other grounds by Daniels v. United States*, 254 F.3d 1180, 1188 n. 1 (10th Cir. 2001).

Mr. Small does not specify which of the nine ineffective assistance claims he believes merit an evidentiary hearing and what conflicting evidence needs to be resolved. Mr. Small's ineffective assistance claims were dismissed either for lack of merit or as procedurally barred. Nothing in the factual allegations presented by Mr. Small in support of these claims presented conflicting evidence requiring an evidentiary hearing for their resolution. The Court, therefore, did not abuse its discretion in refusing to conduct an evidentiary hearing. *Id. Anderson*, 425 F.3d at 860.

Furthermore, an evidentiary hearing is unnecessary if the claim can be resolved on the record. *See Torres v. Mullin*, 317 F.3d 1145, 1161 (10th Cir. 2003). Here, as succinctly set out by the Court in the July 13, 2011 Order of Dismissal, the record was sufficient to resolve all of Mr. Small's ineffective assistance claims. The acts or omissions of counsel identified by Mr. Small were not the result of unreasonable professional judgment, *Strickland v. Washington*, 466 U.S. 668, 690 (1984), and given the highly deferential review required by the Court there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, *id.*

4

at 689.  There is no reasonable probability that but for counsel's alleged errors the result

of the proceeding would have been different.  *Id.* at 694.

Furthermore, "[t]here is no constitutional right to counsel beyond the direct

appeal of a criminal conviction."  *Coronado v. Ward,* 517 F.3d 1212, 1218 (10th Cir.

2008).  "[G]enerally appointment of counsel in a § 2254 proceeding is left to the court's

discretion."  *Swazo v. Wyoming Dep't of Corr. State Penitentiary Warden*, 23 F.3d 332,

333 (10th Cir. 1994); *see also Coleman v. Thompson*, 501 U.S. 722, 756-57 (1991).

"In most federal courts, it is the practice to appoint counsel in post-conviction

proceedings only after a petition for post-conviction relief passes initial judicial

evaluation and the court has determined that issues are presented calling for an

evidentiary hearing."  *Johnson v. Avery,* 393 U.S. 483, 487 (1969).  Based on the

Court's finding that an evidentiary hearing was not necessary in this case, appointment

of counsel is also unnecessary.  Accordingly, it is

ORDERED that Mr. Small's Motion for Rehearing and Reconsideration of

Applicant's 2254 Habeas Corpus Petition, Doc. No. 41, is construed as filed pursuant to

Fed. R. Civ. P. 59(e) and is DENIED.

Dated this 25th day of August, 2011.

BY THE COURT:

_____

William J. Martínez
United States District Judge