**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge William J. Martínez**

Civil Action No. 10-cv-01014-WJM

WAYNE A. SMALL,

    Applicant,

v.

KEVIN MILYARD, and
JOHN W. SUTHERS, The Attorney General of the State of Colorado,

    Respondents.

## ORDER DENYING MOTION TO RECONSIDER

At issue is Applicant's filing titled, "28 U.S.C. § 2254, Rule 60(b) Petition," Doc. No. 43, that was submitted to the Court on February 27, 2012. The Court must construe the filing liberally because Applicant is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). This case was dismissed on July 13, 2011. A motion to reconsider filed more than twenty-eight days after the final judgment in an action should be considered pursuant to Rule 60(b). *See Id.* (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (limit effective prior to December 1, 2009) set forth under Rule 59(e)). The Court, therefore, will consider the filing as a Motion to Reconsider filed pursuant to Rule 60(b).

Applicant states that he is filing the Motion pursuant to Rule 60(b)(3), which addresses claims of fraud, misrepresentation, or misconduct. The Court has reviewed the Motion and finds that Applicant is attempting to reargue his claims. Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994). Based on Applicant's new arguments, the Court finds no extraordinary circumstances that would require a reconsideration of the dismissal of Applicant's claims. Furthermore, to the extent Applicant is asserting fraud, misconduct, and misrepresentation in his state court criminal proceedings, a motion to reconsider is not a new opportunity to advance arguments that could have been raised previously. *See Servants of the Paraclete v. Does*, 204 F.3d 10015, 1012 (10th Cir. 2000).

Applicant also is instructed that to the extent his claims are successive, this Court lacks jurisdiction to consider the merits of the claims. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). The claims must either be dismissed for lack of jurisdiction or, if it is in the interest of justice, transferred to the Tenth Circuit pursuant to 28 U.S.C. § 1631. *In re Cline*, 531 F.3d at 1252. The factors for considering whether a transfer is in the interest of justice include:

> whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id*. at 1251. The Court finds a transfer is not in the interest of justice because it is clear this Court lacks the requisite jurisdiction.

Upon consideration of the Motion to Reconsider and the entire file, the Court finds that the Motion fails to demonstrate some reason why the Court should reconsider and vacate the July 13, 2011 Order.  Accordingly, it is

ORDERED that the filing titled, "28 U.S.C. 2254, Rule 60(b) Petition", Doc. No. 43, filed on February 27, 2012, is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 60(b)(3) and is denied.

Dated this 29th day of February, 2012.

BY THE COURT:

William J. Martínez
United States District Judge